IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America

v.

Charles Estell

Case No. 23 CV 1251

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Defendant Charles Estell moves to vacate, set aside, or correct his sentence. For the reasons below, the Court denies Estell's motion.

## Background

In 2013, Estell was charged with and convicted of armed bank robbery and brandishing a firearm in this District. *See United States v. Estell*, 641 F. App'x 552, 554 (7th Cir. 2016). Specifically, Estell had dropped through the ceiling of a Bank of America branch vault, pointed a handgun at two employees, bound the employees' hands and ankles, and stolen $230,500 before being captured. *Id.*

At sentencing, the judge found Estell to be a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 and accordingly applied an enhancement based on his prior convictions for conspiracy to distribute crack cocaine, carjacking, and possessing marijuana for sale. *Id.* at 555. The Court also applied enhancements based on (1) taking property of a financial institution, (2) the amount of loss exceeding $95,000, (3) obstruction of justice, and (4) a person being physically restrained. The Court therefore calculated a guidelines range of 360 months to life in prison, and imposed a prison sentence of 390 months (300 months for armed bank robbery and 90 months for brandishing a firearm), plus five years of supervised release. *Id.*; Judgment,

*United States v. Estell*, No. 12 CR 416 (N.D. Ill. Mar. 14, 2014), ECF No. 136. Estell's direct appeal of his conviction and sentence was dismissed. *See generally Estell*, 641 F. App'x 552.

In 2022, Estell filed a habeas petition challenging his sentence under 28 U.S.C. § 2241 in the Eastern District of California, where he was incarcerated. (ECF No. 1.) In February 2023, the Eastern District of California transferred Estell's petition to this Court after concluding it lacked jurisdiction over the petition. (ECF No. 18.) After receiving the case, this Court asked Estell to advise whether he wished to proceed with his case under 28 U.S.C. § 2255. (ECF No. 21.)

On April 18, 2023, Estell responded by filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which superseded his prior habeas petition under § 2241. (ECF No. 22.) The government responded to Estell's motion on June 9, 2023, and Estell did not file a reply.[1]

## Legal Standard

Section 2255 allows a court to vacate a sentence that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Hanson v. United States*, 941 F.3d 874, 876 (7th Cir. 2019) (internal quotation marks and citations omitted). A § 2255 petitioner is entitled to be resentenced "[i]f the court finds that . . . the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has

---

[1] Estell's reply was due July 14, 2023. In February 2024, Estell sent a letter to the Court asking for permission to supplement his motion. (ECF No. 26.) Estell has not explained what he intends to supplement and why supplementation is appropriate, particularly since Estell himself did not file a reply brief or anything else for over six months after the government filed its response. The Court therefore denies Estell's request to supplement his motion.

been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

## Discussion

Estell challenges various aspects of his sentence, including his career-offender enhancement, several other enhancements, and his 90-month sentence for brandishing a firearm. The Court addresses these grounds below.

1. **Estell's challenge to his career-offender enhancement**

Estell claims that the career-offender enhancement he received based on his prior convictions is untenable due to two intervening Supreme Court decisions—*Mathis v. United States*, 579 U.S. 500 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013). He believes those decisions were retroactive and mean that his prior convictions did not qualify as serious drug offenses or violent felonies to trigger the career-offender enhancement.

Motions under § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f). Estell's challenge to his career-offender enhancement falls within the third category, as it is based on the allegedly retroactive application of *Mathis* and *Descamps*.

The one-year statute of limitations expired before Estell filed his case. Still, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Estell argues that actual innocence applies because *Mathis* and *Descamps* mean his prior convictions no longer render him eligible for his career-offender enhancement, and thus his challenge is timely. The Court disagrees for two reasons.

First, Estell's attempt fails because it uses *Mathis* and *Descamps* as the basis both for actual innocence and for Estell's underlying merits claim. *See Lund v. United States*, 913 F.3d 665, 668 (7th Cir. 2019). He may not do so both because "it is doubtful that a petitioner's actual innocence claim and claim for relief on the merits can be the same" and because "it would completely undermine the statute of limitations for bringing initial § 2255 motions within one year from the date a new right is recognized by the Supreme Court." *Id.* (internal quotation marks and citation omitted). As explained in *Lund*, "Congress set a one-year limit for petitions to bring § 2255 motions based on new rights recognized by the Supreme Court," and allowing intervening caselaw "to serve as both the basis for actual innocence and the basis for relief would render this statute of limitations superfluous." *Id.* at 669. "Every time there is a retroactive interpretation of a criminal law, petitions convicted under it would have an initial § 2255 claim based on the new interpretation indefinitely." *Id.* The Seventh Circuit rejected that approach and held that movants cannot circumvent the one-year statute of limitations in the way Estell

4

proposes. Estell thus cannot claim actual innocence based on *Mathis* and *Descamps* to excuse his untimely challenge.

Second, Estell's argument fails because it does not suggest that he is actually innocent of his prior convictions as a factual matter. "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Estell challenges only the legal sufficiency of his prior convictions as serious drug offenses and violent felonies to trigger a career-offender enhancement based on intervening caselaw—he does not dispute that he actually committed those crimes. *See McDonald v. Wills*, No. 18-cv-04606, 2021 WL 3930404, at *7 (N.D. Ill. Sept. 2, 2021) (rejecting actual-innocence argument because the habeas petitioner "does not suggest the existence of facts demonstrating his innocence"). Estell thus cannot establish actual innocence, and his arguments are untimely. The Court therefore dismisses Estell's challenge to his career-offender enhancement.

2. **Estell's other enhancement challenges**

Estell also briefly challenges four other sentencing enhancements: (1) for taking the property of a financial institution under U.S. Sentencing Guidelines Manual § 2B3.1(b)(1); (2) for the amount of loss exceeding $95,000 under § 2B3.1(b)(7)(c); (3) for obstruction of justice under § 3C1.1; and (4) for a person being physically restrained under § 2B3.1(b)(4)(B). Estell does not attempt to explain why those challenges are procedurally proper, such as why they are timely and why were not raised on direct appeal but nevertheless should be considered even though "[s]entencing errors that can be raised on direct appeal are generally not cognizable upon collateral review." *Hanson*, 941 F.3d at 877. Further, Estell again claims that these enhancements lacked legal sufficiency but does not dispute the underlying facts, and thus does

5

not make a true actual-innocence argument. The Court therefore denies Estell's other enhancement-related challenges.

3. **Estell's 90-month sentence for Count 2**

Lastly, Estell argues that the Court exceeded the 84-month mandatory minimum sentence for brandishing a firearm when it sentenced him to 90 months for that count. Estell does not explain why this challenge is procedurally proper either—it is brought well outside the statute of limitations and could have been raised on direct appeal. He also does not explain why the Court's 90-month sentence, though six months above the mandatory *minimum*, was wrong even though it was well below the statutory *maximum* of life in prison. *See* 18 U.S.C. § 924(c)(1)(A)(ii). *See Estell*, 641 F. App'x at 557–58 ("An appellate claim challenging the reasonableness of Estell's total imprisonment of 390 months likewise would be frivolous. That total includes a 90-month consecutive term for the firearm offense . . . . Moreover, 390 months is within the guidelines range and thus presumptively reasonable[.]"). The Court therefore sees no valid challenge to Estell's 90-month sentence for brandishing a firearm.

4. **Certificate of Appealability**

Estell has not requested a Certificate of Appealability in the event the Court denies his § 2255 motion, and, based on the above analysis, the Court sees no reason to grant him one. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The Court therefore declines to issue Estell a Certificate of Appealability.

## Conclusion

The Court denies Estell's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 22) and declines to grant him a Certificate of Appealability. The Court denies Estell's prior petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) as moot. Case terminated.

**SO ORDERED.**                                    **ENTERED: April 22, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**